**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **V.L. GRIFFIN, JR.** | § | |
| | § | |
| Vs. | § | CIVIL ACTION NO. 2:16-CV-____ |
| | § | |
| **TYSON FOODS, INC.** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT AND JURY DEMAND**

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes V.L. Griffin, Jr., Plaintiff, and files this original Complaint against Tyson Foods, Inc. and for causes of action would respectfully show as follows:

**PARTIES**

1. Plaintiff is an individual residing in Mansfield, Louisiana.

2. Defendant Tyson Foods, Inc. is a corporation organized under the laws of the state of Delaware with its principal place of business in Springdale, Arkansas. Tyson Foods, Inc. may be served with process by serving its registered agent for service of process: CT Corp System, 1999 Bryan St., Suite 900, Dallas, Texas 75201.

**STATEMENT OF JURISDICTION AND VENUE**

3. Jurisdiction and venue are proper in this Court.

4. This court has jurisdiction over this case pursuant to 28 U.S.C. § 1332(a) as there is diversity of citizenship among the parties, in that the Defendant is now and was at the time the action was commenced diverse in citizenship from the Plaintiff. Furthermore, the amount in controversy exceeds the sum of $75,000.00, exclusive of interests and costs.

5. Venue in this Court is proper under 28 U.S.C. §1391 (b)(1) & (c)(2) as Defendant is subject to this Court's personal jurisdiction by having substantial assets located within this

district.  Lastly, this Court has personal jurisdiction over Defendants because they regularly conduct business in this district and they derive substantial income from this district.

## FACTUAL BACKGROUND

6. This case arises out of a workplace injury on December 10, 2015 at Defendant's Center, Texas chicken processing plant.  Plaintiff had been employed at the facility for approximately ten days while working in the blast tunnel as a blast loader.  The blast tunnel is where racks of processed chicken are pushed through the tunnel wherein they are "blast frozen."  Plaintiff was required to work in the tunnel for continuous two hour time periods during his shift.  The temperature in the tunnel was well below freezing.

7. During Plaintiff's shift, Plaintiff's right pinky finger became frostbitten due to the cold temperature and lack of proper gloves (insulated) to protect his hands.  Plaintiff initially reported the injury to the nurse's station located at the plant but was told it would be fine after a few days.  The pain, however, continued to increase.  Plaintiff subsequently had his hand examined at an area hospital where he was informed of the frostbite.  Shortly thereafter his finger was amputated at the first appendage in order to prevent further infection of his body.  Below is a picture from April of 2016 illustrating the injuries:



## CAUSE OF ACTION – NEGLIGENCE

8. Defendant Tyson has a non-delegable duty to provide a safe workplace environment for all of its employees. This also includes the duty to properly train, supervise, warn of hazards, hire competent co-employees, and to provide necessary instrumentalities with which to work for all of its employees. Due to the failure of Tyson to properly train, supervise, warn, and provide necessary instrumentalities, this injury occurred. This negligence on the part of Defendant Tyson was a proximate cause and cause-in-fact of the injuries sustained by Plaintiff.

## DEFENDANT IS A "NONSUBSCRIBER"

9. Defendant may not assert in this action the following common law defenses: (1) Plaintiff was guilty of contributory negligence; (2) Plaintiff assumed the risk of injury or death; or (3) Plaintiff's injury or death was caused by the negligence of a fellow employee to defeat Plaintiff's action or to limit Plaintiff's recovery in this case. The Texas Supreme Court adopted this interpretation of the Texas Labor Code in *Kroger v. Keng*, 23 S.W.3d 347 (Tex. 2000), holding that such an employer is responsible for all of employee's damages, if they are found only 1% negligent. This is the risk of "going bare" in Texas.

## DAMAGES

10. As a result of the occurrence in question, Plaintiff has sustained severe injuries and damages. As a result of these injuries, Plaintiff is entitled to recover compensatory damages in an amount that exceeds the jurisdictional minimum of this court for each of the following elements:

(a) past medical expenses;

(b) lost earnings and loss of earning capacity sustained in the past; and loss of earning capacity that, in reasonable probability, will be sustained in the future;

(c) pain and suffering, past and future;

(d) mental anguish sustained in the past; and mental anguish that, in reasonable probability, will be sustained in the future;

(e) physical impairment, past and future;

(e) pre-judgment and post-judgment interest at the highest rates allowed by law.

## DEMAND FOR JURY

11. Plaintiff hereby makes demand for his right to a trial by jury afforded by the United States Constitution and tenders the requisite fee to the clerk concurrent with the filing of this Original Complaint.

## PRAYER

WHEREFORE, Plaintiff requests that Defendant be cited to appear and answer and that on final trial Plaintiff have and recover:

   a. Judgment against Defendant, for compensatory damages, including in an amount that exceeds the minimum jurisdictional limits of the Court more fully set forth above;

   b. Prejudgment and post-judgment interest as provided by law;

   c. Costs of suit; and

   d. Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ Josh B. Maness
Josh B. Maness
State Bar No. 24046340
480 W. Texas Avenue
Waskom, Texas 75692
Tel. (903) 407-8455
Fax. (877) 320-5751
E-mail: manessjosh@hotmail.com