IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| V.L. GRIFFIN, JR. | § | |
| | § | |
| v. | § | Case No. 2:16-cv-734-JRG-RSP |
| | § | |
| TYSON FOODS, INC. | § | |

## MEMORANDUM ORDER

Before the Court is Defendant Tyson Foods, Inc. ("Tyson")'s Motion to Dismiss Plaintiff's Original Complaint and Jury Demand or in the Alternative, to Transfer this Action to the U.S. District Court for the Eastern District of Texas, Lufkin Division pursuant to 28 U.S.C. § 1406(a) (Dkt. No. 4) ("Tyson's Motion to Dismiss or Transfer"). This action is brought by Plaintiff V.L. Griffin, Jr. ("Griffin"), a resident of Mansfield, Louisiana, against Tyson arising out of an alleged on-the-job injury sustained at Tyson's poultry processing plant in Center, Texas. Tyson moves to transfer the case to the Lufkin Division of this Court.

## APPLICABLE LAW

28 U.S.C. § 1406(a) provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." The first inquiry when analyzing a case's eligibility for § 1404(a) transfer is "whether the judicial district to which transfer is sought would have been a district in which the claim could have been filed." *In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*In re Volkswagen I*").

Once that threshold is met, courts analyze both public and private factors relating to the convenience of parties and witnesses as well as the interests of particular venues in hearing the case. *See Humble Oil & Ref. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963). The private factors are: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious, and inexpensive. *In re Volkswagen I*, 371 F.3d at 203. The public factors are: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or in the application of foreign law. *Id.*

The plaintiff's choice of venue is not a factor in this analysis. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314-15 (5th Cir. 2008) ("*In re Volkswagen II*"). Rather, the plaintiff's choice of venue contributes to the defendant's burden of proving that the transferee venue is "clearly more convenient" than the transferor venue. *Id.* at 315. Furthermore, though the private and public factors apply to most transfer cases, "they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *In re Volkswagen II*, 545 F.3d at 314-15

## DISCUSSION

### A. Proper Venue for the Case

There is no dispute that venue is proper in the Eastern District of Texas. Because the applicable venue statute does not distinguish between the divisions of a judicial district, venue properly lies in any division of the Eastern District of Texas.

**B.** **Private Interest Factors**

**1.** **Relative Ease of Access to Sources of Proof**

Griffin's residence is in Mansfield, Louisiana, which is closer to the Marshall Division than to the Lufkin courthouse. Tyson's facility in Center, Texas where Griffin's alleged injury occurred (the "Center facility") is located in Shelby County, Texas which is also within the Lufkin Division. However, both parties agree that the Center facility is relatively equidistant and "essentially located midway" between the Marshall Division courthouse and the Lufkin Division courthouse. (Dkt. No. 4 at 8; Dkt. No. 5 at 3). Tyson contends that documents relevant to this matter are located at the Center facility. (Dkt. No. 4 at 8). However, nothing else from the record suggests that this will be a particularly document-intensive case. Therefore, this factor is neutral as to transfer.

**2.** **Availability of Compulsory Process to Secure the Attendance of Witnesses**

Griffin asserts that because he is a resident of Mansfield, Louisiana – which is closer to the Marshall Division (69.3 miles away) than the Lufkin Division (93.1 miles away) – and his closest family and friends who will be called to testify regarding the impact the injury had on his physical and mental health are also located in Mansfield, Louisiana, Marshall is clearly the more convenient division as compared to Lufkin. (Dkt. No. 5 at 3). Furthermore, Griffin contends that the "bulk of Plaintiff's medical providers are located in Shreveport & Bossier City, Louisiana" – with surgery being performed at University Health in Shreveport, Louisiana, the treating physician being at LSU Physician Building in Shreveport, Louisiana and Functional Capacity Experts being located in Bossier City, Louisiana. *Id.* Griffin asserts that he will need to call at least one non-party witness with knowledge of his amputation surgery (from Shreveport) as well as one witness with knowledge of his diminished functional capacity since the injury (from Bossier City, located in more or less the same area as Shreveport). *Id.*

Because Shreveport is nearly three times closer to the Marshall Division (41.9 miles away) than the Lufkin Division (116 miles away), Griffin contends that the Marshall Division is clearly the more convenient forum.

The Court agrees, and also finds that under the "100-mile bulge" of Federal Rule of Civil Procedure 45, potential non-party witnesses with knowledge of Griffin's amputation surgery based in Shreveport are subject to the Marshall Division's subpoena power, but outside the subpoena power of the Lufkin Division. *See Spencer v. Allstate Insurance Company,* 2:16-cv-605-JRG, 2016 WL 6879598, at *3 (E.D. Tex. Nov. 22, 2016) ("A court also has nationwide subpoena power to order third-party witnesses to attend deposition, so long as the deposition is to take place within 100 miles of the witness's residence or regular place of business. Fed. R. Civ. P. 45(a)(2), 45(c)(1)(A)"); see also *VirtualAgility, Inc. v. Salesforce.com, Inc.,* 2:13-cv-11-JRG, 2014 WL 459719, at *4 (E.D. Tex. Jan. 31, 2014). Therefore, this factor favors keeping the case in the Marshall Division.

### 3. Cost of Attendance for Willing Witnesses

Due to the distance amounts noted above, the cost of attendance for witnesses will be more for witnesses traveling from Mansfield, Shreveport or Bossier City in Louisiana to the Lufkin Division than the Marshall Division. Therefore, this factor also favors keeping the case in the Marshall Division.

### 4. All Other Practical Problems that Make Trial of a Case Easy, Expeditious, and Inexpensive

Tyson contends that "transfer of the case to Lufkin would make the trial easier, more expeditious, and less expensive." (Dkt. No. 4 at 9). However, as noted above and also as argued by Griffin, the distance that non-party witnesses must travel will make trial of the case slightly more difficult, slower and expensive, at least due to heightened travel costs and inconveniences.

Furthermore, for the case in Marshall, a scheduling conference was already held on November 30, 2016, a Protective Order, Discovery Order and Docket Control Order have been posted on December 2, 2016 and Discovery Disclosures have been served by the parties on December 30, 2016 and January 16, 2017. As a result, even though the case in Marshall is still in its early stages, it also appears to be under way – and moving the case to the Lufkin Division now would waste the time and money already spent in the Marshall case. *See* (Dkt. No. 7 at 2) ("The only thing a dismissal would do is cause the Plaintiff to incur a new filing fee and cause the Lufkin Clerk's Office additional unnecessary work in creating a new case file. Such result is nonsensical.") Therefore, this factor favors keeping the case in Marshall.

**C.     Public Interest Factors**

**1.     Administrative Difficulties Flowing From Court Congestion**

Tyson states that this factor is neutral as to transfer (Dkt. No. 4 at 9). Griffin does not dispute this. (Dkt. No. 5 at 4). The Court finds that this factor is neutral as to transfer.

**2.     Local Interest in Having Localized Interests Decided at Home**

Tyson contends that because the "facts giving rise to Plaintiff's negligence claim occurred in the Lufkin Division", the "Lufkin Division has more of a local interest than the Marshall Division" in deciding this case. (Dkt. No. 4 at 9). Griffin responds by stating that this case is "a garden variety workplace injury and negligence suit. This suit is about damages for a single person. Therefore, the 'local interest' in this case will be minimal." (Dkt. No. 5 at 4). Because Plaintiff and a number of non-party witnesses are located closer to the Marshall Division even though the Center facility where the alleged injury occurred is in the Lufkin Division, the Court finds on balance that the local interest the Marshall and Lufkin divisions have in the case is relatively the same. Thus, this factor is neutral as to transfer.

**3. Familiarity of the Forum With the Law that Will Govern the Case and Avoidance of Unnecessary Problems of Conflict of Laws or in the Application of Foreign Law**

Tyson states that this factor is neutral as to transfer (Dkt. No. 4 at 9). Griffin does not dispute this. (Dkt. No. 5 at 4). The Court finds that this factor is neutral as to transfer.

## CONCLUSION

The Court finds Defendants have not shown that the Lufkin Division is clearly more convenient than the Marshall Division. Accordingly, Tyson's Motion to Dismiss or Transfer (Dkt. No. 4) is **DENIED.**

**IT IS SO ORDERED.**

**SIGNED this 24th day of January, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE